IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BRESLIN, PAUL CUNNINGHAM, and PHILLIP THOMPSON, <br>     Plaintiffs, <br><br> v. <br><br> DICKINSON TOWNSHIP, RAYMOND JONES, ALLYN PERKINS, DANIEL WYRICK, ANTHONY ZIZZI, RONALD REEDER, and EDWARD SCHORPP, <br>     Defendants | Civil Action No. 1:09-cv-1396 <br><br> (Chief Judge Kane) |

# ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court is Plaintiffs' January 22, 2010 motion to recuse.[1] (Doc. No. 53.) The motion was filed six days before a scheduled oral argument on the pending motions to dismiss. Prior to Plaintiffs' deadline for filing a brief in support of the motion, Defendants filed answers to the motion. (Doc. Nos. 56, 57.) Plaintiffs filed a brief in support of the motion on February 5, 2010. (Doc. No. 57.) Defendant Schorpp then filed a brief in opposition that same day. (Doc. No. 58.) Plaintiffs did not file a reply brief, and the remaining Defendants did not file a brief in opposition. The motion is now ripe before the Court for disposition.

Without citing to authority, Plaintiffs' motion alleges that "Judge Kane has a personal conflict, or at least the appearance of a personal conflict in this matter." (Doc. No. 53 ¶ 2.) The

---

[1]The Court notes that, in contravention of the local rules, Plaintiffs did not "file simultaneously with the motion" an affidavit or other exhibit to provide factual support for the motion. See M.D. Pa. L. R. 7.3 ("When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents must be filed simultaneously with the motion and shall comply with Local Rule 5.1(f).") Though this constitutes a basis to reject the motion, the Court will nonetheless briefly address the merits of Plaintiffs' contentions.

motion asserts that someone allegedly known to the undersigned, an unidentified doctor ("the Doctor"), encouraged Plaintiff Breslin to socialize with the undersigned. Plaintiff further alleges that a "brief but harmless" exchange at a dinner occurred in March 2007. (Id. ¶¶ 2-5, 11.)

The motion also alleges that, after the filing of this lawsuit in July 2009, the Doctor publically criticized the Plaintiffs' position in this lawsuit. (Id. ¶ 7.) Plaintiffs further allege that, on or about January 2010, the Doctor spoke to "one of the plaintiffs" and alluded to the fact that he "knew another federal judge." (Id. ¶ 9.) The Doctor also, at an unidentified point in time, spoke with Defendant Jones about the pending litigation. (Id. ¶ 10.)

In their supporting brief, Plaintiffs for the first time identify the Doctor as Dr. Robert Thompson and clarify that their basis for recusal is Canon 2 of the Code of Judicial Conduct. (Doc. No. 57 at 2-3.) Also accompanying the brief is an affidavit signed by Plaintiff Charles Breslin. (Doc. No. 57-2.) In the affidavit, Plaintiff Breslin implies that the conflict, or apparent conflict, exists from Dr. Thompson's strong encouragement that Plaintiff Breslin ask the undersigned on a date, and Plaintiff Breslin's decision not to do so, all of which occurred at an unidentified time prior to the commencement of the pending litigation. (Doc. No. 57-2 at 2.) Although unclear, his affidavit further implies that Dr. Thompson's opposition to him at a recent township meeting is derived from this past encounter, but that Judge Kane may have a favorable bias toward him, if anything, because "no one in the sensitive position of a federal judge, would give out a personal number devoid of a personal interest." Id. at ¶ 16. He concludes his affidavit by stating that while he "in no way believe[s] the 'personal interest', standing alone, to be improper in any way [sic] it does, however, accrue in the range of human emotions and reasoning, by its very definition, as not consistent with a detached professional interest." (Id.)

The undersigned has no knowledge of Plaintiffs' representations regarding a brief social exchange in March 2007 and no recollection of even having heard of Plaintiff Breslin prior to initiation of this litigation. While Doctor Robert Thompson is known to the undersigned, the undersigned has never communicated with him regarding this or any other case. Even accepting Plaintiffs' allegations as true, Plaintiffs have failed to establish grounds for recusal. Title 28 U.S.C. § 455(a) requires recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." The Third Circuit Court of Appeals has interpreted this to mean that a judge should recuse herself "if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard." Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004). As noted, Plaintiff Breslin is not known to the undersigned, and the undersigned has no knowledge of the circumstances that form the basis of this dispute and no opinion favoring or disfavoring any party over another. The undersigned has not been privy to Dr. Thompson's opinions on the merits of Plaintiffs' claims and thus has not been influenced one way or the other. Indeed, Plaintiff's affidavit does not aver that the undersigned has discussed the case with Dr. Thompson or, conversely, that his opinion has impacted the undersigned in any way. There is no reasonable basis to believe that a non-party's opinion on the merits of a pending lawsuit creates an appearance of impropriety.

The Court notes that the purpose of recusal is to ensure justice to litigants in pending litigation and to promote public confidence in the judiciary, not to permit an attorney to avoid appearing before a judge he disfavors. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (holding that 28 U.S.C. § 144 and § 455(a) do not require recusal though a judge may have a pending or threatened suit against her by a litigant); Selkridge, 360 F.3d at 168 ("[A]n attorney

3

may not be allowed to use her calculated personal attack on a sitting judge as a technique to prevent that judge from presiding over any of her cases." (Internal citations omitted)); Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993) ("Disqualification for lack of impartiality must have a *reasonable* basis. . . . Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice." (Internal citations omitted)).

Unfounded motions for recusal, or those based on an attorney's negative opinion of the jurist, are contrary to that purpose: they undermine confidence in the courts and allow judge-shopping. Selkridge, 360 F.3d at 168 ("Were the rule otherwise . . . [j]udge-shopping would then become an additional and potent tactical weapon in the skilled practitioner's arsenal."); In re United States, 158 F.3d 26, 35 (1st Cir. 1998) ("[A] judge must avoid yielding in the face of unfounded insinuations. A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex proprio vigore*, create a cloud on her impartiality."); In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). This motion is one such example. The present motion is fanciful and baseless. Nothing about what Plaintiffs articulate as a "brief but harmless" interaction between Plaintiff Breslin and the undersigned, occurring approximately two years before this litigation, or the opinions and conversations an unrelated third-party may have about this case, would cause a reasonable person to doubt the undersigned's impartiality in this matter.

**AND NOW** this 15th day of March 2010, upon consideration of Plaintiffs' motion to recuse (Doc. No. 53), **IT IS HEREBY ORDERED** that the motion is **denied.**

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania