IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRESLIN, et al., | : | Civil No. 1:09-CV-1396 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Stengel) |
| | : | |
| DICKINSON TOWNSHIP, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

This case present a singular, and singularly senseless, circumstance. The Plaintiffs' counsel urges us to re-consider a ruling that we entered on a motion that the Plaintiff's counsel never opposed, and demands that we re-consider this ruling even though Plaintiffs' counsel has already fully complied with the order.

This matter now comes before us on a motion filed by the Plaintiffs, which invites us to re-consider prior discovery rulings which we made in the course of this litigation. (Doc.116.) This motion to re-consider is unusual in several respects: First, the rulings which the Plaintiffs ask us to re-consider in this motion are rulings which we made only after the Plaintiffs completely neglected to file any opposition to the discovery requests made by the Defendants. Second, the motion invites us to re-consider our prior rulings, but provides no legal citation to the standards governing

motions to re-consider, and cites to no legal authority which demonstrates that the Court's initial rulings, which were unopposed by the Plaintiffs, were erroneous. Third, the Plaintiffs urge us to re-consider these discovery rulings, but neglect to mention that they have already fully complied with these rulings, making their motion entirely moot.

For the reasons set forth below, the motion to re-consider will be denied.

## II. Statement of Facts and of the Case

Some brief factual context is helpful in understanding the current motion to re-consider. This case is a civil rights action brought by the Plaintiffs against Defendants, various local township officials, alleging constitutional First Amendment and First Amendment-retaliation claims. Following contentious discovery proceedings, this case was referred to the undersigned on January 25, 2011, for the purpose of overseeing pre-trial discovery.(Doc. 77.)

On March 17, 2011, the parties each separately requested that the Court schedule a discovery conference to address these on-going discovery disputes. (Docs. 94 and 95.) The Court promptly responded to these concerns, scheduling and conducting a discovery conference with all counsel on March 24, 2011. (Doc. 96.) At the close of this conference, the Court entered an order setting a discovery litigation schedule in this case. This schedule was largely animated by concerns voiced by the

Plaintiffs' counsel regarding delays in this litigation, and in clear and precise terms set a 30-day schedule for resolving pending discovery disputes. (Doc. 97.)

Despite having actively sought the Court's intervention in these discovery matters, (Doc. 95), the Plaintiffs' counsel, regrettably, largely neglected these deadlines, failing to comply with the April 15, 2011, deadline set by the Court for the filing of discovery motions, and ignoring an April 22, 2011, deadline for responding to a motion to compel filed by the Defendants. Despite the decision by Plaintiffs' counsel to forego all of these deadlines, we independently assessed the merits of these discovery demands made by the Defendants and found that the Defendants were entitled to some, but not all, of the relief which they sought in their motion to compel. Specifically, we concluded that the Defendants were entitled to obtain the Social Security numbers of the Plaintiffs, something that "is considered routine information in almost all civil discovery matters." Gober v. City of Leesburg, 197 F.R.D. 519, 521 n.2 (M.D.Fla. 2000). In addition, we found, consistent with settled case law, Frank v. City of Manchester, No. 09-389, 2010 WL 4720121(D.N.H. Nov. 15, 2010)(ordering disclosure of Plaintiff's aliases), that the Defendants were also entitled to disclosures of aliases and pen names used by the Plaintiffs in internet postings. Finally we found that the Plaintiffs' counsel had over-charged the

Defendants $13.20 in copying costs and directed that the Plaintiffs' counsel reimburse these costs.

While the Plaintiffs' counsel chose not to contest this discovery motion when it was filed, counsel now belatedly disputed the Court's resolution of the motion by filing a motion to re-consider these rulings. (Doc. 116.) That motion to re-consider has been fully briefed by the parties, (Docs. 117 and 121)[1], briefing which reveals yet another puzzlement in this litigation. Although the Plaintiffs have moved to re-consider these rulings which they initially did not oppose, it is represented by the Defendants that the Plaintiffs have fully complied with these discovery demands, actions which seem to render their motion to re-consider entirely moot.

## II.  Discussion

### A.  This Motion is Now Moot

At the outset, it appears that this motion to re-consider these discovery rulings is now moot, since the Plaintiffs have fully complied with their discovery obligations in accordance with this Court's prior order. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or

---

[1] We had also afforded the Plaintiffs an opportunity to file a reply brief in support of their motion, but the Plaintiffs' counsel neglected to file any such reply brief in accordance with the schedule set by the Court.

prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

> There is a constitutional dimension to the mootness doctrine.
>
> Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (citing Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)). Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241 (1937). The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. Lewis, 494 U.S. at 477-478. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

Burkey v. Marberry, 556 F.3d 142, 147 (3d. Cir. 2009)(dismissing habeas petition as moot). In the context of discovery disputes, courts have long recognized that when developments in litigation renders discovery questions meaningless, those discovery disputes become moot. See, e.g., Comision Ejecutiva Hidroelectrica Del Rio v.

Nejapa Power Co., LLC., 341 F. App'x 821 (3d Cir. 2009)(resolution of merits of case renders discovery dispute moot); Jules v. Attorney General, No. 05-2847, 2006 WL 952230, *1, n. 7 (3d Cir. 2006)(compliance with disclosure request renders motion to compel moot).

These principles control here and compel a finding that this motion is now moot. Since the Plaintiffs' counsel has already fully complied with these discovery requests, and this Court's order, by providing the relevant evidence they possess, and repaying the funds that over-charged the Defendants, these "developments . . . during the course of adjudication [have] eliminate[d the] plaintiff's personal stake in the outcome of [the motion and] prevent a court from being able to grant the requested relief, [therefore] the [motion] must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

### B. The Motion to Re-Consider Fails on its Merits

Entirely aside from considerations of mootness, this motion to re-consider fails on its merits. While Plaintiffs' counsel has moved to re-consider these discovery rulings, counsel has failed to address, or even discuss, the legal standards which govern such motions. Yet those standards are exacting and are plainly not met in this case.

### 1.     Motions to Re-Consider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Café</u>, 176 F.3d at 677 (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Id.</u> (citation omitted).
>
> <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling.

Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

These legal restrictions on motions to re-consider apply with particular force to motions addressing orders in discovery matters, since discovery orders are governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, and the scope of discovery permitted under the Rules rests in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Similarly, rulings regarding the extent to which discovery may be compelled are matters consigned to the court's discretion and judgment, and it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Thus, a court's decisions regarding the conduct of discovery will be disturbed

only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). Further, this discretion is guided by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. However, the scope of discovery permitted by Rule 26 otherwise embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

With these guiding principles in mind we turn to the Plaintiffs' request that we re-consider three of our prior discovery rulings. Noting that the Plaintiffs' have neither argued nor shown that re-consideration is necessary because of: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," <u>Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010), this motion will be denied.

## 2. The Court Properly Ordered The Plaintiffs to Be Compelled to Provide Their Social Security Numbers to the Defendants

At the outset, the Court properly directed the Plaintiffs to provide their social security account information to the Defendants. As the Defendants have explained, they sought this information in order to obtain medical and military records from third parties, records which would contain information relevant to the Plaintiffs' damages claims. Since these damages claims are grounded upon assertions that the individual Plaintiffs suffered physical and emotional distress due to the allegedly retaliatory actions of the Defendants, medical records which provide medical histories of the Plaintiffs have obvious relevance to these damages claims. Therefore, securing the social security account information that is necessary for obtaining these medical records from third parties remains a proper, relevant inquiry under Rule 26 of the Federal Rules of Civil Procedure. Moreover, Plaintiffs' counsel has done nothing to dispute the settled case law which has considered similar discovery requests in the past and routinely ordered Plaintiffs to disclose their social security numbers when that information has some relevance to a claim, or defense, in the litigation. Rees v. Souza's Milk Transp., Co., No. 05-297, 2006 WL 3251829, *1 (E.D. Cal. Nov. 8, 2006)( citing  Patton v. Thomson Corp., 364 F.Supp.2d 263 (E.D.N.Y. 2005); Upshaw v. Georgia Catalog Sales, Inc., 206 F.R.D. 694 (M.D.Ga. 2002); Babbitt v.

Albertson's Inc.. 1992 WL 605652 (N.D. Cal. 1992); <u>Nat'l Assoc. for the Advancement of Colored People v. Boston Housing Authority</u>, 723 F. Supp. 1554 (D. Mass. 1989); <u>Marcus v. Bowen</u>, 1989 WL 39709 (N .D. Ill. 1989); <u>Johnson v. Heckler</u>, 604 F.Supp. 1070 (N.D. Ill. 1985. Indeed, courts have frequently ordered disclosure of this information, finding that "the discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters." <u>Gober v. City of Leesburg</u>, 197 F.R.D. 519, 521 n.2 (M.D. Fla. 2000). <u>See also Pearson v. Heavey</u>, No. 96-3863, 1997 WL 159656 (S.D. N.Y. April 3, 1997).

In sum, the Plaintiffs' motion to re-consider ignores the fact that "the discovery of background information such as . . . social security number is considered routine information in almost all civil discovery matters." <u>Gober v. City of Leesburg</u>, 197 F.R.D. 519, 521 n.2 (M.D. Fla. 2000). Therefore, this routine request was properly granted, and should not now be re-considered, or revised.

**3. The Court Properly Ordered The Plaintiffs to Disclose Any Pen Names Used by the Plaintiffs When Posting Comments in Online Public Forums**

In their motion to re-consider, the Plaintiffs also ask us to re-visit a discovery ruling directing the Plaintiffs to disclose the pen-names which they used when posting public comments regarding the Defendants in online public forums.

At the outset, this belated opposition to this particular discovery request is puzzling since Plaintiffs' counsel had previously agreed at a discovery conference held on February 5, 2011, to produce these very materials, stating: "We had agreed that we were going to do our best to provide what's referred to as screen names and that sort of thing. Now we had made the same kind of request, I think, but I will double check that. And we are going to make every effort to do that." (Doc. 83, p.8.) Thus, in this motion Plaintiffs' counsel now asks us to re-consider ordering them to do that which they previously volunteered to do.

In any event, this defense discovery request was supported by a straightforward, and uncontested, proffer of legal and factual relevance, with the Defendants explaining that the Plaintiffs should be required to disclose all pen names they have used when posting comments in online public forums, since the Defendants seek this information in order to show that the Plaintiffs' First Amendment rights were in no way chilled by the Defendants' actions, because the Plaintiffs continued a robust public commentary regarding the Defendants in various online public forums throughout the course of this litigation. Given this proffer of relevance we continue to have little difficulty concluding that this information is relevant and subject to discovery under Rules 26 of the Federal Rules of Civil Procedure. Furthermore, where, as here, it is shown that a Plaintiffs' use of other names is relevant to issues

in a lawsuit, those other names are plainly discoverable. See Frank v. City of Manchester, No. 09-389, 2010 WL 4720121(D.N.H. Nov. 15, 2010)(ordering disclosure of plaintiff's aliases). Therefore, to the extent that the Plaintiffs ask us to re-consider an order directing them to do what they previously volunteered to do, this motion will be denied.[2]

### 4. The Plaintiffs Were Properly Instructed to Re-pay $13.20 Which They Over-charged Defendants for Copying Documents

Finally, in their motion to re-consider the Plaintiffs ask us to re-examine an order directing them to re-pay the Defendants $13.20 in copying costs, a charge which represents an over-billing to the Defendants, since the Plaintiffs' counsel billed for the production of 1890 pages of materials at $.15 per page, but only produced 1802 pages of material. Upon reflection, we continue to believe that this request should be granted since the Plaintiffs billed the Defendants to produce 1,890 pages but only produced 1802 pages of material. Therefore, we will also deny this request to re-consider this aspect of our prior ruling.

---

[2]The Plaintiffs' motion to re-consider also urges us to re-examine this issue on constitutional grounds, citing separate constitutional concerns raised by a news outlet which had been subpoenaed to disclose this information. Since this invitation ignores obvious differences between the discovery obligations of parties who file lawsuits, and the constitutional concerns that attend to subpoenas directed to non-party news media, we will decline this invitation.

While we have been pleased to revisit these previously uncontested issues in this case for the parties, in closing we would make two observations for the litigants. First, we commend to all parties the wisdom of Albert Einstein, who once stated that doing the same thing over and over again and expecting different results is the highest form of folly.

In addition, we would note a basic truth in litigation. At its best, litigation is a process of constructive conflict, in which a competition of ideas leads to the truth, and justice. At its worst, though, litigation can become pointless conflict, which produces heat and smoke, but sheds no light. Since the parties doubtless aspire to the best in litigation, they should reflect upon the question of whether motions that re-litigate issues which were not contested, were often conceded, and are now moot, advance their clients' interests or the search for the truth.

### III. <u>Conclusion</u>

Accordingly, for the foregoing reasons, the Plaintiffs' motion to re-consider (Doc. 116), is DENIED.

So ordered this 19th day of May, 2011.

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge
