**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES BRESLIN,  et al.,** | : | **Civil No. 1:09-CV-1396** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **(Judge Stengel)** |
| | : | |
| **DICKINSON TOWNSHIP, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This case is a civil rights action brought by the Plaintiffs against Defendants, various local township officials, alleging constitutional First Amendment and First Amendment-retaliation claims. Following contentious discovery proceedings, this case was referred to the undersigned on January 25, 2011, for the purpose of overseeing pre-trial discovery.(Doc. 77.)

One aspect of this on-going discovery involved efforts by the Defendants to obtain from the Plaintiffs the pen names which they used when posting public comments regarding the Defendants in online public forums. The contest between the parties on this issue was  puzzling since Plaintiffs' counsel had previously agreed at a discovery conference held on February 5, 2011, to produce these very materials,

stating: "We had agreed that we were going to do our best to provide what's referred to as screen names and that sort of thing. Now we had made the same kind of request, I think, but I will double check that. And we are going to make every effort to do that." (Doc. 83, p.8.)

Despite this promise, however, for a time the Plaintiffs refused to produce this information. The Plaintiffs initially persisted in this refusal even though this defense discovery request was supported by a straightforward, and uncontested, proffer of legal and factual relevance. In this proffer the Defendants explained that the Plaintiffs should be required to disclose all pen names they have used when posting comments in online public forums, since the Defendants sought this information in order to show that the Plaintiffs' First Amendment rights were in no way chilled by the Defendants' actions, because the Plaintiffs continued a robust public commentary regarding the Defendants in various online public forums throughout the course of this litigation. Given this proffer of relevance we found that this information was relevant and subject to discovery under Rules 26 of the Federal Rules of Civil Procedure. See Frank v. City of Manchester, No. 09-389, 2010 WL 4720121(D.N.H. Nov. 15, 2010)(ordering disclosure of plaintiff's aliases). It has now been reported to the Court that this information has been released by the Plaintiffs to the

Defendants. Thus, the Plaintiffs have now disclosed the pen-names which they used in Pennlive postings, information which was relevant to the issues in this case.

With the resolution of this dispute between the parties, we turn to a collateral aspect of this particular dispute. This case now comes before the Court on a discovery dispute regarding a subpoena issued by a Defendant to Pennlive, LLC, a media outlet, for information identifying the individuals who have posted comments on Pennlive.com, a website hosted by Pennlive, LLC, who were believed to be the Plaintiffs in this lawsuit. At the time that the Defendant issued this subpoena to Pennlive, the Plaintiffs were still refusing to comply with discovery demands that sought this information directly from them. Thus, the Defendant attempted to subpoena this information from Pennlive, because the Defendant perceived that the information was both necessary to the defense of the case and was otherwise unavailable.

Pennlive moved to quash this subpoena, (Doc. 107) and we ordered briefing on this motion. While the parties were briefing the motion, events have overtaken this particular aspect of their dispute. Specifically, the Plaintiffs have now complied with their discovery obligations, and have released their pen-names to the Defendants. In light of this development, a subpoena for these records, that were once regarded by a Defendant as both necessary and unavailable, has now become in our view

unnecessary, since these records are now available directly from the Plaintiffs. Therefore, we will dismiss Pennlive's motion, and the Defendant's request that we enforce this subpoena, on the grounds that this dispute is now moot.

## II.    Discussion

### A.    This Motion is Now Moot

With respect to the enforcement of this subpoena, the parties agree that this Court's decision in Enterline v. Pocono Medical Center, 751 F. Supp. 2d 782 (M.D.Pa. 2008), correctly articulates the legal showing that the Defendant must make to secure this information from Pennlive by subpoena. Enterline provides that:

> The Court will consider four factors in determining whether the subpoena should issue. These are whether: (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) *information sufficient to establish or to disprove that claim or defense is unavailable from any other source.*

Enterline v. Pocono Medical Center, 751 F. Supp. 2d 782, 787 (M.D.Pa. 2008)(emphasis added). Given this common understanding of the controlling legal standards that apply here, the fact that the Defendants have secured this information directly from the Plaintiffs now renders this dispute moot, since the Defendants can no longer show that this information is unavailable from any other source.

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of  adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

There is a constitutional dimension to the mootness doctrine.

Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (citing Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)). Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241 (1937). The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. Lewis, 494 U.S. at 477-478. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009)(dismissing habeas petition as moot). In the context of discovery disputes, courts have long recognized that when

developments in litigation renders discovery questions meaningless, those discovery disputes become moot. <u>See, e.g.</u>, <u>Comision Ejecutiva Hidroelectrica Del Rio v. Nejapa Power Co., LLC</u>., 341 F. App'x 821 (3d Cir. 2009)(resolution of merits of case renders discovery dispute moot); <u>Jules v. Attorney General</u>, No. 05-2847, 2006 WL 952230, *1, n. 7 (3d Cir. 2006)(compliance with disclosure request renders motion to compel moot).

These principles control here and compel a finding that this motion is now moot.  Since the Plaintiffs counsel has now fully complied with these discovery requests, and this Court's order, by providing the Plaintiffs' pen-names to the Defendants, the Defendants can no longer show that this information is unavailable from any other source, a prerequisite to subpoena enforcement under <u>Enterline</u>, and there is no longer a live dispute between the Defendant and Pennlive relating to this subpoena.

### III.   <u>Conclusion</u>

Accordingly, for the foregoing reasons, the motion to quash this subpoena, (Doc. 107) and the Defendant's request to enforce the subpoena, (Doc. 115) are both DISMISSED as moot, since the Defendants have independently acquired the information sought by this subpoena.

So ordered this 19th  day of May, 2011.

                                                 ***S/Martin C. Carlson***
                                                 Martin C. Carlson
                                                 United States Magistrate Judge