**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES BRESLIN, et al., | : | Civil No. 1:09-CV-1396 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Stengel) |
| | : | |
| DICKINSON TOWNSHIP, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

**I.     Statement of Facts and of the Case**

This case is a civil rights action brought by the plaintiffs against defendants, various local township officials, alleging constitutional First Amendment and First Amendment-retaliation claims. In their complaint, the plaintiffs seek wide-ranging relief from the defendants, including attorney's fees and damages. (Docs. 1 and 36)

Following contentious discovery proceedings, this case was referred to the undersigned on January 25, 2011, for the purpose of overseeing pre-trial discovery. (Doc. 77) The parties continue to engage in acrimonious discovery disputes as this litigation proceeds fitfully forward. The instant motion is but the latest example of a heated, but legally unnecessary, dispute in this case.

Given the plaintiffs' prayer for relief in this case, which sought among other things an award of attorney's fees, the defendants have propounded upon the plaintiffs a request for production of documents which seeks information that goes directly to this demand for attorney's fees and requests the production of:

> Any and all fee agreements, representation agreements, retention agreements and/or other documents setting forth the billing arrangement between Charles Breslin, Paul Cunningham, and Phillip Thompson and Don A. Bailey, Esquire, including the hourly rate (if any) charged.

(Doc. 157-2)

To avoid any legal confusion on the plaintiffs' part regarding the defendants' entitlement to this information, this request for production went on to advise the plaintiffs' counsel, in clear and precise terms, that: "Please note that, pursuant to Montgomery County v. Microvote Corporation, 175 F.3d 296 (3rd Cir. 1999), the Third Circuit expressly has held that 'The attorney-client privilege does not shield fee arrangements.'" (Id.) Despite this clear notice from the defendants that they sought discoverable information, it is represented that the plaintiffs have failed to comply with this request for production, thus forcing the defendants to move to compel production of this information. (Doc. 157) In response to the defendants' motion to compel, which recites the settled legal principle that fee agreement information is not privileged, the plaintiffs have filed a response (Doc. 168) which illustrates the legal bankruptcy of the plaintiffs' refusal to comply with this discovery demand. In this

response, the plaintiffs acknowledge the settled case law approving disclosure of fee arrangements in civil discovery, but ask the Court in the face of this settled case law to deny this particular discovery request.

Since the plaintiffs cite no legal authority in opposition to this discovery request, and concede that there is ample legal authority permitting this precise form of discovery, the motion to compel will be granted.

## II. Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any

> nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the

5

discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

In this case, the defendants face a claim for attorney's fees from the plaintiffs. Since the plaintiffs have elected to demand attorney's fees from the defendants, the defendants now seek information from the plaintiffs relating to their fees agreement with plaintiffs' counsel. Such information is plainly discoverable. As the United States Court of Appeals for the Third Circuit noted more than a decade ago:

> [An attorney-client] fee agreement letter is not privileged. The attorney-client privilege does not shield fee arrangements. In re Grand Jury Investigation, 631 F.2d 17, 19 (3d Cir.1980) (holding attorney-client privilege does not protect fee arrangements absent strong probability that disclosure would implicate client in criminal activity for which

client sought legal advice). Furthermore, the fee agreement letter does not come within the ambit of the work-product privilege, see Murray v. Stuckey's Inc., 153 F.R.D. 151, 153 (N.D.Iowa 1993), and of course is not the opinion of a non-testifying expert.

Montgomery County v. MicroVote Corp., 175 F.3d 296, 304 (3d Cir. 1999). This decision, in turn, is consistent with "the weight of authority [which] holds that communications relating solely to the payment of attorneys' fees are not covered by the attorney-client privilege unless they reveal confidences about the nature of legal services rendered. See Montgomery County v. MicroVote Corp., 175 F.3d 296, 304 (3d Cir.1999) (holding that attorney fee agreement letter is not privileged); Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir.1999) ('Typically, the attorney-client privilege does not extend to billing records and expense reports.'); Lefcourt v. United States, 125 F.3d 79, 86 (2d Cir.1997) ('As a general rule, a client's identity and fee information are not privileged.'); Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir.1992) (holding that billing correspondence is not protected unless it 'also reveal[s] the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law'). Berliner Corcoran & Rowe LLP v. Orian, 662 F.Supp.2d 130, 134 (D.D.C. 2009). See also, Gov't Employee Hosp. Ass'n v. Serono Int'l. S.A., 246 F.R.D. 93,98 (D. Mass 2007).

In light of this settled case law–which plaintiffs' counsel concedes–we find the plaintiffs' suggestion that we should decline discovery into factual matters relating to a legal question which the plaintiffs have placed at issue in this case wholly unpersuasive. It is the plaintiffs who seeks attorney's fees in this case. Having made this demand for attorney's fees, their own fee agreement, which may prescribe what the parties regard as a reasonable hourly rate for counsel's services, or set forth some other relevant information regarding fees for counsel in this litigation, is plainly relevant to these proceedings. Furthermore, the fee agreement is not cloaked in any legitimate claim of privilege, a fact long recognized by the courts and wholly conceded by plaintiffs' counsel. Since this information is clearly relevant, and plainly not protected by any privilege, it must be disclosed.

### III.   Conclusion

For the foregoing reasons, the defendants' motions to compel discovery, (Doc.157) is GRANTED. On or before July 25, 2011, the plaintiffs shall disclose "Any and all fee agreements, representation agreements, retention agreements and/or other documents setting forth the billing arrangement between Charles Breslin, Paul Cunningham, and Phillip Thompson and Don A. Bailey, Esquire, including the hourly rate (if any) charged."[1]

---

[1] We note that the defendants also seek to recover costs and attorneys' fees in their motion to compel for what they regard as needless litigation in the face of a

So ordered this 18th day of July, 2011.

> *S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge

---

frivolous discovery objection by the plaintiffs.(Doc. 157)  This is one of multiple, competing requests of this type that have emerged in this acrimonious litigation. The Court will address all of these various competing requests for costs and fees at one time in a subsequent opinion and order once the merits of these discovery disputes are fully adjudicated.