**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES BRESLIN, et al.,** | : | Civil No. 1:09-CV-1396 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Stengel) |
| | : | |
| **DICKINSON TOWNSHIP, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a civil rights action brought by the plaintiffs against defendants, various local township officials, alleging constitutional First Amendment and First Amendment-retaliation claims. Following contentious discovery proceedings, this case was referred to the undersigned on January 25, 2011, for the purpose of overseeing pre-trial discovery.(Doc. 77)

The halting, contentious nature of this litigation is, in part, a consequence of curious, erratic, and eccentric litigation decisions made by plaintiffs' counsel. Thus, in the course of the past several months during this litigation plaintiffs' counsel has frequently urged contradictory courses upon the Court, demanding that the Court expedite resolution of matters, and then failing repeatedly to comply with the expedited schedule set by the Court at counsel's insistence; requesting the prompt scheduling of depositions, only to concur in a stay of the scheduled depositions; and

swearing to the Court's affability and fairness while filing a motion seeking to recuse the Court on the grounds of bias. Plaintiffs' counsel has also displayed a tendency to seize upon tangential matters and pursue these tangents to the exclusion of broader issues in this litigation. For example, during a March 24, 2011 conference, plaintiffs' counsel devoted great time, attention and industry to a lengthy discussion of counsel's concerns regarding a postage label on a box, an issue that continues to recur in some of the plaintiffs' pleadings. (Doc.106 , pp.7-13)

Cast against this procedural backdrop, there are presently pending before the Court two motions lodged by the plaintiffs, which directly relate to one another. First, the plaintiff has filed a motion to supplement the complaint filed in this case in 2009. (Doc. 169) This motion, which seeks leave of court to add parties and claims to this longstanding litigation at the close of discovery, is currently being briefed by the parties and the plaintiffs' reply brief is due by August 12, 2011. (Doc. 171)

Having filed this motion to supplement, which is not yet fully briefed by the plaintiffs, plaintiffs' counsel has now lodged a motion relating to this proposed supplemental complaint, styled as a motion to compel. (Doc. 188) This motion to compel seeks to compel a federal judge to appear at a deposition to address matters which are not yet part of this lawsuit. Specifically this motion seeks to compel a judicial officer to testify regarding issues that plaintiffs allege relate to a person who

is not currently a party in this case, but may someday become a party if the plaintiffs' motion to supplement the complaint is granted.[1]

In considering this motion we recognize that rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v.

---

[1] Plaintiffs' pleadings state, without further explanation, that the proposed deposition of this judicial officer on these matters which are not yet part of this litigation would in some way relate to "cogent civil rights issues," (Doc. 188), and contains the following odd, and ethically questionable, ruminations by counsel regarding *ex parte* communications that plaintiffs' counsel considered attempting to indulge in with the Court: "Plaintiff had considered sending the Magistrate Judge an *ex parte* letter dispensing with the need to file a brief for so modest . . . a request, but decided that rules and orders were meant to be followed . . . ." (Doc. 189) Plaintiffs counsel's fascination with *ex parte* communications with the court is both inappropriate and puzzling, since we have previously expressly noted for plaintiffs' counsel that such *ex parte* communications are forbidden, plainly stating to counsel that " if you are going to send me a . . . letter on [an] issue, you should make sure the other side receives a copy of it." (Doc. 83, pp.20-21)

<u>I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983) .This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

There is another essential facet to the court's discretion in this field. It is beyond dispute that the district court has the authority and the discretion to impose limitations and restrictions on the timing, nature, scope, extent and type of discovery which it will permit the parties to propound. <u>See</u> F.R.Civ. Pro., Rule 26(c). A necessary corollary of these principles is the court may direct that parties only obtain discovery regarding issues properly presented and pending in a lawsuit. "Thus, it is

4

proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978). Similarly, it would be inappropriate to allow parties to engage in discovery on proposed claims, issues and persons which are not currently part of a lawsuit, solely on the basis of a speculative assertion that these claims and parties may someday become part of the pending litigation.

Exercising this discretion, we will deny the plaintiffs' motion to compel at this time, without prejudice. In essence, the plaintiffs' motion seeks to compel a federal judge to testify about matters relating to a person who is not currently a party to this litigation, but may become a party of in the future depending upon the resolution of a motion to supplement the plaintiffs' complaint. In this setting, we believe that the rationale course of conduct is to first resolve the pending motion for leave to supplement this complaint, rather than permit the plaintiffs to launch into a wave of discovery in support of proposed claims that are not yet part of this litigation.

Legal standards governing requests to call judges as witnesses also strongly suggest that the issue of whether the plaintiffs may file a supplemental complaint needs to be addressed prior to indulging in the proposed line of inquiry. As a general matter, a judge may be called to testify only when that jurist is a "material" witness in litigation. Moreover, "[a] trial judge is not a 'material' witness in the case unless

his or her testimony is actually material and necessary to the determination of the case. A judge is not a material witness where there are other available witnesses who can give the same testimony." Am. Jur. 2d, Judges, §101 (August 2011)(citations omitted). See also 22 A.L.R.3d. 1198, Disqualification of Judge on Ground of being a Witness in a Case, (1968). Applying this exacting standard in a variety of contexts, courts have frequently rejected claims that particular jurists are indispensable material witnesses in specific litigation. United States v. Rivera, 802 F.2d 593 (2d Cir. 1986); United States v. Edwards, 39 F.Supp.2d 692 (M.D.La. 1999); Levine v. United States, 25 F.Supp.2d 900 (N.D. Ind. 1998); Smith v. United States, 644 F.Supp. 303 (D.Md. 1986), aff'd, 815 F.2d 74 (4th Cir. 1987); Panico v. United States, 291 F.Supp. 728 (S.D.N.Y. 1968), aff'd, 412 F.2d 1151 (2d Cir. 1969).

Thus, it is entirely clear that the question of whether a particular judge is a material witness cannot be determined in the abstract. Rather, this issue can only be resolved in the context of the claims that are actually pending in the litigation. This simple proposition dictates the proper course to follow with respect to this motion to compel. Here, the question of the materiality of any proposed testimony by judicial officers is inextricably intertwined with the issue of whether the plaintiffs should be permitted at this time to supplement his complaint to add the new parties, claims and causes of action that would be the subjects of this proposed deposition testimony. In

short, we cannot assess the materiality of any proposed judicial deponent's testimony in this litigation until we first resolve the issue of what new claims and parties may be brought into this lawsuit by the plaintiffs at this late date. Given the direct legal and logical relationship between these issues, the plaintiffs' motion to compel is premature and inappropriate. Therefore, that motion to compel, (Doc. 188), will be denied, without prejudice, pending resolution of the plaintiffs' motion to supplement this complaint.

Accordingly, for the forgoing reasons, the plaintiffs' motion to compel, (Doc. 188) is DENIED without prejudice, pending resolution of the motion for leave to supplement complaint.

So ordered this 3d day of August 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge