**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
at Harrisburg

| | | |
|---|---|---|
| **CHARLES BRESLIN, et al.,** | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 1:09-cv-1396 |
| | : | |
| **DICKINSON TOWNSHIP,** | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                 November 28, 2016

On December 30, 2014, Plaintiffs Charles Breslin and Phillip Thompson filed an untimely motion for reconsideration of my Order dated February 21, 2013, approving and adopting the Report and Recommendation of the Honorable Martin C. Carlson, U.S. Magistrate Judge.  Judge Carlson had recommended that both motions for summary judgment filed by the defendants be granted on the following claims:  (1) all claims made by Plaintiff Paul Cunningham; (2) all substantive First Amendment claims, except for the plaintiffs' claims arising out of the actions of Mr. Jones on December 8, 2008; and (3) all First Amendment retaliation claims relating to the processing of state Right-to-Know law requests by the defendants.

In their motion for reconsideration, the plaintiffs argue that it was improper for me to have adopted the Report and Recommendation which foreclosed a finding of <u>Monell</u> liability against Dickinson Township.  For the following reasons, I will deny the plaintiffs' untimely motion for reconsideration.

## I. BACKGROUND

The plaintiffs commenced this action on July 17, 2009, and filed an amended complaint four months later. The amended complaint set forth claims under the First and Fourteenth Amendments of the United States Constitution. On August 18, 2010, the court dismissed all of the plaintiffs' claims except: (1) the plaintiffs' claim for direct interference with their First Amendment rights arising from the Township's Public Meeting Policy; (2) the plaintiffs' claim for First Amendment retaliation claim arising from the Township's Public Meeting Policy; and (3) the plaintiffs' First Amendment retaliation claim arising from alleged denials of requests for information under the Right-to-Know Law. See Breslin v. Dickinson Township, 1:09-cv-1396, 2010 U.S. Dist. LEXIS 85382 (M.D. Pa. August 19, 2010). The court gave the plaintiffs twenty days to file a motion to amend their complaint, but the plaintiffs chose not to do so. The plaintiffs also chose not to seek reconsideration of the court's decision.

On August 26, 2011, Defendants Dickinson Township, Raymond Jones, Allyn Perkins, Ronald Reeder, Daniel Wyrick, and Anthony Zizzi filed a motion for summary judgment. See Document #195. On August 29, 2011, Defendant Edward Schorpp filed a separate motion for summary judgment. See Document #201. Both motions were referred to Judge Carlson, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation. Judge Carlson recommended that summary judgment be granted on (1) all claims made by Paul Cunningham; (2) all substantive First Amendment Claims, except for the plaintiffs' claims arising out of the actions of Mr. Jones on December 8, 2008; and (3) all First Amendment retaliation claims relating to the processing of state

Right-to-Know law requests by the defendants. See Breslin v. Dickinson Township, 1:09-cv-1396, 2012 U.S. Dist. LEXIS 186277 (M.D. Pa. March 23, 2012). Judge Carlson further recommended that summary judgment be denied as to any substantive First Amendment or First Amendment retaliation claims relating specifically to the actions of Mr. Jones on December 8, 2008. Id. I overruled the parties' objections, and approved and adopted Judge Carlson's Report and Recommendation. See Breslin v. Dickinson Township, 1:09-cv-1396, 2013 U.S. Dist. LEXIS 23820 (M.D. Pa. February 21, 2013).

## II. LEGAL STANDARD

The plaintiffs filed a motion for reconsideration of my decision to adopt the Report and Recommendation. "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "The scope of a motion for reconsideration . . . is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). A motion for reconsideration is "not to be used as an opportunity to relitigate the case," but "only to correct manifest errors of law or fact or to present newly discovered evidence." Id. A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677 (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d

Cir. 1995)).  Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III.  DISCUSSION

Initially, I note that the plaintiffs' motion for reconsideration is untimely.  Rule 7.10 of the Local Rules of the Middle District of Pennsylvania provides that:  "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the Order concerned."  Here, the plaintiffs' motion was filed on December 30, 2014, and seeks reconsideration of my Order dated February 21, 2013.  Thus, because the motion was filed almost one year and ten months beyond the time permitted, it is untimely and must be denied.

Even if the motion were not untimely, however, it would still be denied.  The plaintiffs argue that the court committed an error of law in finding that Dickinson Township's Public Meeting Policy was a reasonable time, place, and manner restriction.  They argue that the court failed to consider the Public Meeting Policy as part of a statement that was read at a prior meeting.  In her Memorandum and Order dated August 18, 2010, Chief Judge Yvette Kane wrote, "Even assuming that plaintiffs can establish that defendants threatened to file lawsuits against them and called them malcontents, abusers, and disruptive, such conduct does not represent a constitutional violation or a clearly established right at the time it occurred."  See Breslin, 2010 U.S. Dist. LEXIS 85382 at *25.  Chief Judge Kane's decision became the law of the case because the plaintiffs chose not to move for reconsideration of that decision.  Further, despite being

provided with the opportunity to file a Second Amended Complaint, the plaintiffs failed to do so.  I also note that the plaintiffs failed to present the argument as to why the law of the case doctrine should not apply either in response to the defendants' motion for summary judgment or in the plaintiffs' Objections to the Report and Recommendation.  Instead, they waited over three years since the defendants filed the motion to raise the claim for the first time in this motion for reconsideration.

      In conclusion, the plaintiffs' motion for reconsideration is clearly untimely.  Even if it were timely, however, the motion would still be denied as meritless.  The defendant's request for sanctions is denied.

      An appropriate Order follows.