IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRESLIN, et al.,   Plaintiffs | : : : | CIVIL ACTION |
| vs. | : : | NO. 1:09-cv-1396 |
| RAYMOND JONES,   Defendant | : : : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                   November 28, 2016

Defendant Raymond Jones filed a motion for reconsideration of my Order approving and adopting the Report and Recommendation of the Honorable Martin C. Carlson, U.S. Magistrate Judge. Judge Carlson recommended that both motions for summary judgment filed by the defendants be granted on the following claims: (1) all claims made by Plaintiff Paul Cunningham; (2) all substantive First Amendment claims, except for the plaintiffs' claims arising out of the actions of Mr. Jones on December 8, 2008; and (3) all First Amendment retaliation claims relating to the processing of state Right-to-Know law requests by the defendants. Judge Carlson also recommended that summary judgment be denied as to any substantive First Amendment or First Amendment retaliation claims relating specifically to Mr. Jones' actions on December 8, 2008. For the following reasons, I will grant Mr. Jones' motion for reconsideration, and clarify that only the claims brought by Plaintiff Phillip Thompson remain in this action.

**I. BACKGROUND**

Plaintiffs Charles Breslin, Phillip Thompson, and Paul Cunningham commenced this action on July 17, 2009, and filed an amended complaint four months later. The amended complaint set forth claims under the First and Fourteenth Amendments of the United States Constitution. On August 18, 2010, the court dismissed all of the plaintiffs' claims except: (1) the plaintiffs' claim for direct interference with their First Amendment rights arising from the Township's Public Meeting Policy; (2) the plaintiffs' claim for First Amendment retaliation claim arising from the Township's Public Meeting Policy; and (3) the plaintiffs' First Amendment retaliation claim arising from alleged denials of requests for information under the Right-to-Know Law. See Breslin v. Dickinson Township, 1:09-cv-1396, 2010 U.S. Dist. LEXIS 85382 (M.D. Pa. August 19, 2010).

On August 26, 2011, Defendants Dickinson Township, Raymond Jones, Allyn Perkins, Ronald Reeder, Daniel Wyrick, and Anthony Zizzi filed a motion for summary judgment. See Document #195. On August 29, 2011, Defendant Edward Schorpp filed a separate motion for summary judgment. See Document #201. Both motions were referred to Judge Carlson, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation. Judge Carlson recommended that summary judgment be granted on (1) all claims made by Paul Cunningham; (2) all substantive First Amendment Claims, except for the plaintiffs' claims arising out of the actions of Mr. Jones on December 8, 2008; and (3) all First Amendment retaliation claims relating to the processing of state Right-to-Know law requests by the defendants. See Breslin v. Dickinson Township, 1:09-cv-1396, 2012 U.S. Dist. LEXIS 186277 (M.D. Pa. March 23, 2012). Judge Carlson

further recommended that summary judgment be denied as to any substantive First Amendment or First Amendment retaliation claims relating specifically to the actions of Mr. Jones on December 8, 2008. Id. I overruled the parties' objections, and approved and adopted Judge Carlson's Report and Recommendation. See Breslin v. Dickinson Township, 1:09-cv-1396, 2013 U.S. Dist. LEXIS 23820 (M.D. Pa. February 21, 2013).

## II. LEGAL STANDARD

Mr. Jones filed a motion for reconsideration of my decision. "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "The scope of a motion for reconsideration . . . is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677 (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

In his motion, Mr. Jones properly points out that all action at the December 8, 2008 meeting of the Township Supervisors with regard to Plaintiff Charles Breslin was taken by Defendant Schorpp, the Township Solicitor, and not by Mr. Jones. At his deposition, Mr. Breslin testified that he was only forbidden to speak once at a Township meeting:

> Q. But December 8th, you have a recollection of; is that correct?
>
> A. Correct.
>
> Q. What did you intend to speak about that day?
>
> A. I vaguely recall issues related to the termination of township people or personnel back dating to 2005 – in December of 2005, January of 2006.
>
> \*\*\*
>
> Q. Who specifically prevented you from continuing to speak?
>
> A. The Parliamentarian.
>
> Q. Who was that?
>
> A. That was Mr. Schorpp.

See Document #196-1 at 44-45; Breslin Dep. at 117-118.

> Q. You state that you've been declared out of order at meetings. What meetings specifically were you declared out of order?
>
> A. December 8, 2008.
>
> Q. Any others?
>
> A. I think that's about it.

4

> Q. Do you have any recollection of ever being called out of order at any other meeting other than December 8, 2008?
>
> A. No.
>
> ***
>
> Q. Who declared you out of order?
>
> A. I believe it was Mr. Schorpp.
>
> ***
>
> Q. Under what circumstances were you declared out of order?
>
> A. I was speaking, they didn't care for the line of questioning, the historical nature of it.

Id. at 48; 139.

In his Report and Recommendation, Judge Carlson found that the subject matter of Mr. Breslin's questions to the Board of Supervisors at that meeting was improper for a public meeting, and that Solicitor Schorpp's conduct was proper:

> Further, to the extent that Mr. Breslin complains that on one occasion he may have been ruled out of order by Defendant Schorpp when he attempted to discuss personnel matters relating to third parties who were township employees, since state law explicitly exempts personnel issues from the topics which may be addressed in a public meeting, this otherwise viewpoint neutral restriction on comments which was called for by state law cannot form the basis for a valid constitutional claim.

See Breslin, 2012 U.S. Dist. LEXIS 186277 at *64-65. As Mr. Jones indicates, there is no evidence that Mr. Jones ever acted to prevent Mr. Breslin from speaking at the December 8, 2008 meeting, or that he was otherwise involved with him at all at that meeting.

5

Nevertheless, Judge Carlson inadvertently used the plural when he later determined that "disputed issues of fact relating to the motives of Mr. Jones when he curtailed the *plaintiffs'* public statements on December 8, 2008, presented constitutional questions." Id. at *80 (emphasis added).  The wording of the sentence should have read, "curtailed Plaintiff Thompson's public statements."  Judge Carlson recommended that "summary judgment be DENIED as to any substantive First Amendment or First Amendment retaliation claims relating specifically to Defendant Jones' actions on December 8, 2008," id., without specifically indicating to whom those claims belonged. When I adopted the Report and Recommendation, I did not fully comprehend Mr. Jones' objection.

Accordingly, to correct this error of fact, I will grant Mr. Jones' motion for reconsideration, and clarify that the extensive record in this action reveals that there are disputed issues of fact relating to Mr. Jones' motives when he curtailed Mr. Thompson's public statements on December 8, 2008, still rendering summary judgment inappropriate. Only the First Amendment claims brought by Plaintiff Thompson remain in this action.

An appropriate Order follows.