# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-1396 |
| | : | |
| RAYMOND JONES | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                   **September 7, 2018**

Judges enforce trial subpoenas ordering witnesses to appear before our jury because we want to minimize decisions on witness credibility and disputed facts based on out-of-court depositions of witnesses who are available to be evaluated by our jury on the witness stand but do not attend trial. The jury's primary fact-finding role through evaluating witness credibility cannot be impaired by lawyers agreeing to excuse live testimony for the convenience of witnesses who may prefer a fishing vacation to avoid looking the jury in the eyes. But we also must enforce the word of our lawyers who agree to excuse their subpoenaed witness at trial in exchange for the witness' fulsome trial deposition and the witness then acts in reliance on the lawyer's word. The issue today is which of these principles should, in the context of the parties' conduct over the last few weeks before trial, be enforced. Our answer, based solely on the facts of this case, is to enforce the word of a member of the Bar of this Court, relied upon by the third party witness, allowing a videotaped trial deposition to be presented in the parties' case-in-chief. While we recognize the third party witness's excuse (a New York fishing vacation) for being unavailable to the jury is not, in and of itself, a basis for ignoring the trial subpoena, and the parties cannot stipulate to witness unavailability excusing live testimony, we are compelled to enforce lawyers' representations relied upon by the parties and the third party witness.

## I. Background

Plaintiff, apparently frustrated with securing a date certain for a trial for his remaining First Amendment retaliation claim against a township official who allegedly refused to allow him to speak at a December 2008 township meeting, filed a petition for mandamus with our Court of Appeals seeking a set trial date.[1] Upon reassignment of this case to us on July 18, 2018, we promptly conferred with trial counsel and, with their consent, set trial for a date certain of September 11, 2018.[2] Plaintiff got his wish for a prompt trial date without further burdening our Court of Appeals.

Next week's First Amendment retaliation trial focuses on the Defendant public official's reasons for barring Plaintiff's speech at a December 2008 township meeting. Ed Schorpp, Esquire served as the township's solicitor from January 2006 to September 2009.[3] Plaintiff originally sued Ed Schorpp, Esquire and he remained as a named defendant on our docket until a few weeks ago—although we functionally dismissed him in 2013.[4]

On August 3, 2018, Plaintiff identified Ed Schorpp, Esq., as a witness in his pretrial memorandum.[5] Defendant also identified Solicitor Schorpp as a witness.[6] Solicitor Schorpp appears to be a key witness for both parties. The parties seemingly agree Solicitor Schorpp will present meaningful evidence to our jury.

Plaintiff's counsel served a July 27, 2018 subpoena on Solicitor Schorpp on August 7, 2018 requiring him appear at trial beginning on September 11, 2018.[7] Solicitor Schorpp promptly contacted Plaintiff's counsel explaining Solicitor Schorpp had a pre-planned paid vacation. Counsel for Solicitor Schorpp e-mailed Plaintiff's counsel the day Solicitor Schorpp received the subpoena, requesting confirmation "Mr. Schorpp's appearance for deposition on 8/28 for use at trial will satisfy the subpoena and that Mr. Schorpp does not have to personally

2

appear at trial."[8]  Plaintiff's counsel replied: "This is confirmed.  I will send a Notice of Deposition to your attention and for your client in the coming days."[9]  Plaintiff's counsel confirmed his word at Solicitor Schorpp's August 28, 2018 videotape trial deposition when he confirmed the accuracy of the arrangement, leaving no doubt—until now—Solicitor Schorpp would satisfy his obligations under the subpoena by sitting for a lengthy video-recorded deposition where both parties would be able to fully examine Solicitor Schorpp.[10]

Plaintiff's counsel knew Solicitor Schorpp's vacation involved a fishing trip but he did not think to ask where.  He instead assumed the fishing trip would be in the Western United States.  As a member of the Bar of this Court, Plaintiff's counsel agreed to allow Solicitor Schorpp to sit for a videotaped deposition in lieu of trial testimony.  Plaintiff's counsel could have enforced his valid subpoena served upon Solicitor Schorpp.  But he chose to graciously allow his trial testimony to be preserved on videotape.  The parties deposed Solicitor Schorpp over several hours as preserved on videotape.  Each side enjoyed a full opportunity for direct and cross-examination.

## II.  Analysis

After our final pre-trial conference where we questioned the parties concerning their ability to use deposition testimony in lieu of live testimony and specifically Solicitor Schorpp's unavailability for our jury, Plaintiff's counsel has done an about-face, contending Solicitor Schorpp must now appear at trial. Defendant now moves to allow the videotape trial deposition into evidence arguing Solicitor Schorpp is unavailable within the meaning of Fed. R. Civ. P. 32(a)(4)(B).  Defendant emphasizes Solicitor Schorpp will be more than 100 miles from the location of the trial on a pre-planned fishing trip in New York State.  Defendant notes neither party procured Solicitor Schorpp's absence.  Defendant also underscores Plaintiff's counsel's

3

assurances to Defendant and Solicitor Schorpp.[11] Solicitor Schorpp similarly emphasizes the unfairness he faces. Plaintiff's counsel responds his change of position is justified because he learned only days ago Solicitor Schorpp would be travelling to New York, a neighboring state, when he initially thought Solicitor Schorpp would be travelling to Montana. He apparently never asked earlier. Plaintiff grounds his argument in this Court's independent duty to the jury under Fed. R. Civ. P. 32(a)(4)(B) to ensure Mr. Schorpp is unavailable. Plaintiff adds the amount of objections raised at the deposition would require extensive pre-trial review.

Federal Rule 32(a)(4) permits a party to "use [at trial] for any purpose the deposition of a witness, whether or not a party"—but only when that witness is "[u]navailable."[12] As relevant today, a witness is "[u]navailable" if we find "the witness is more than 100 miles from the place of hearing or trial . . . unless it appears that the witness's absence was procured by the party offering the deposition."[13] The parties dispute whether Mr. Schorpp is unavailable within the meaning of the rule. While he resides and Plaintiff served him within 100 miles of the courthouse, his pre-planned vacation to New York State will take him outside of a 100-mile radius from the courthouse. It does not matter where he is during trial. It matters whether a party served a valid subpoena upon him at his residence or workplace within 100 miles of the courthouse.

The parties provide us scant authority on this issue. We appreciate Mr. Schorpp will be away at the time of trial. He is away on a pre-paid vacation scheduled months before he (or any party) knew of the trial date. Plaintiff served the subpoena upon him in this District where he works and resides. An interesting legal issue is whether this vacation would render Solicitor Schorpp unavailable for our jury and allow his deposition testimony to be presented in lieu of live testimony. District courts appear to differ on this issue.[14]

4

We do not cavalierly brush aside trial subpoenas. We would enforce the subpoena and, if warranted, require the Marshal to pick up subpoenaed trial witnesses and bring them before the jury for testimony. Had Plaintiff's counsel insisted on trial testimony, we would need to squarely face the issue of whether Solicitor Schorpp's vacation—arranged and paid for before, but enjoyed after, being subpoenaed—renders him unavailable under Rule 32.

But we need not decide this question today. Even if we were to conclude Solicitor Schorpp is available under Rule 32, we would still grant Defendant's request to present Solicitor Schorpp's testimony in the parties' case-in-chief through a fulsome video trial deposition given Plaintiff's counsel's representations inducing reliance from Solicitor Schorpp and Defendant as they prepared for a trial now less than one week away.

Plaintiff subpoenaed Solicitor Schorpp for testimony consistent with his pretrial memorandum. But Solicitor Schorpp planned his travel months before we set the trial date or Plaintiff issued the trial subpoena. The parties and Solicitor Schorpp reached an agreement. Under the unique circumstances of this case, requiring Solicitor Schorpp to travel to and testify at trial during the time overlapping with his previously planned out-of-state travel would subject him "to undue burden."[15]

Plaintiff's counsel is estopped from requesting we compel Solicitor Schorpp to testify at trial during the one week of his pre-planned vacation.[16] Plaintiff's counsel released Solicitor Schorpp from his subpoena in a specific agreement to allow him to be deposed for trial on video tape with examination and cross examination. While Plaintiff may try to claim some prejudice arising from the inability of the jury to more accurately evaluate the credibility of Solicitor Schorpp, Plaintiff's counsel has no one to blame but himself.[17]

5

We are also confident the video tape will allow the jury to more accurately evaluate Solicitor Schorpp's credibility than the reading of transcripts. The prejudice is further mitigated by both direct and cross examination. On balance, given Plaintiff's counsel's waiver of the subpoena, we will permit the video tape trial testimony of Solicitor Schorpp and quash the trial subpoena.

Plaintiff's counsel's agreement could only address the testimony for the case-in-chief. To the extent a party can show good cause including an offer of specific proof as to a need for Solicitor Schorpp's testimony on rebuttal before we close the evidence so as to not delay the jury's consideration and Solicitor Schorpp has then returned to the District and been served for rebuttal evidence, we will enforce a newly served subpoena for rebuttal testimony.

### III. Conclusion

Knowing his ability to enforce his trial subpoena for live testimony, Plaintiff's counsel repeatedly gave his word to allow the third party witness to appear in trial through a deposition on video tape to be presented to the jury. Changing his mind at the last minute is not appropriate given the reliance exhibited by all parties. In the accompanying Order, we grant the Defendant's motion to allow the parties to present Solicitor Schorpp's testimony in their case-in-chief without prejudice to a showing of a need for Solicitor Schorpp on rebuttal should he be served with a valid trial subpoena upon his return to this District to allow his rebuttal testimony before the close of the evidence.

[1] Plaintiff's counsel agreed to withdraw his petition for mandamus filed with our Court of Appeals at No. 18-1438 upon prompt trial scheduling. ECF Doc. No. 348. Plaintiff has not yet confirmed his withdraw but all parties wish to proceed with trial.

[2] ECF Doc. No. 348. Due to conflicts in available courtroom personnel on September 11, 2018, we rescheduled the beginning of the jury trial for September 12, 2018. ECF Doc. No. 355.

[3] ECF Doc. No. 275 at 14 (citing ECF Doc. No. 202, ¶1).

[4] *See* ECF Doc. No. 314; *see also* ECF Doc. No. 354 (Plaintiff's status memorandum conceding that "[g]iven the adverse decision rendered against each of them on summary judgment . . . there are no triable claims against Edward Sch[or]pp in this case.").

[5] ECF Doc. No. 357 at 4.

[6] ECF Doc. No. 356 at 4.

[7] *See* ECF Doc. No. 452-1, Ex. A.

[8] *Id.*

[9] *Id.*

[10] *See* ECF Doc. No. 452-2, Ex. B.

[11] *See* ECF Doc. No. 451 at 5.

[12] Fed. R. Civ. P. 32(a)(4).

[13] Fed. R. Civ. P. 32(a)(4)(B).

[14] *See MMG Ins. Co. v. Samsung Elecs. Am., Inc.*, 293 F.R.D. 58, 67 (D.N.H. 2013) (concluding Rule 32(a)(4)(B)'s distance "criterion has been satisfied by [party's] admission that [witness] will be away on vacation during the trial, so the defendants are entitled to use his deposition at trial under Rule 32(a)(4)(B)"); *Banta Properties, Inc. v. Arch Specialty Ins. Co.*, No. 10-61485-CIV, 2011 WL 13096150, at *1 (S.D. Fla. Dec. 30, 2011) (concluding that because witness's vacation "out of the state would either be 100 miles from the place of trial or outside the United States, [his] deposition testimony could properly be used in this case"); *but see Mimms v. CVS Pharmacy, Inc.*, No. 115CV00970TWPMJD, 2017 WL 758281, at *2–3 (S.D. Ind. Feb. 24, 2017) (concluding vacationing witness who lived and worked within 100 miles of the place of trial and thus still subject to the court's subpoena power was not unavailable, but granting request to conduct videotaped trial deposition because opposing party would not suffer any prejudice).

[15] Fed. R. Civ. P. 45(d)(3)(A)(iv).

[16] *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 501 (3d Cir. 1997) (a party may not assert a position inconsistent with a position previously taken in the same proceeding).

[17] *See MMG Ins. Co.*, 293 F.R.D. at 68 ("In short, any prejudice to MMG in the use of Long's January 2013 deposition at trial is of MMG's own creation.").